IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parentage of | ) | |
| | ) | No. 39060-8-III |
| RUSSELL ALLEN LEWIS PABLO | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| JACQUELINE LEILONI CHOW HOY, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, A.C.J. — Jacqueline Chow Hoy appeals the trial court's decision regarding a permanent residential plan for her child, K.P. She argues that the trial court erred by drawing presumptions from the temporary parenting plan, in violation of RCW 26.09.191(5). In addition, she contends that the trial court erred in its application of RCW 26.09.187 when it awarded placement with the father and ex-husband, Russell Pablo. We find no abuse of discretion and affirm.

## BACKGROUND

The following facts are unchallenged.

Jacqueline Chow Hoy and Russell Pablo are the parents of K.P., age 8. The parties were married for approximately five years before they separated. After their divorce, a joint parenting plan was entered in the Pima County Superior Court of

No. 39060-8-III
*Pablo v. Chow Hoy*

Arizona. In this order, the parties were to share substantially equal parenting time with K.P. on a month-to-month basis, with exchanges occurring on the 15th of each month. When this parenting plan was entered, Chow Hoy was residing in Arizona and Pablo had relocated to Spokane for work.

In July 2021, Pablo filed a petition to modify the parenting plan in Spokane County. The petition alleged Chow Hoy had relocated to Virginia and the parties needed to determine a school schedule. Each parent sought to be the primary residential parent. While the petition was pending, the court entered a temporary plan, awarding primary placement with Pablo. This plan allowed Chow Hoy visitation one weekend per month in Spokane and required her to give Pablo 30-day's notice if she planned to exercise visitation.

The following year a trial was held. Testimony was offered by both parties, Pablo's mother and father, his neighbor, K.P.'s teacher, and Chow Hoy's fiancé. After considering the factors set out in RCW 26.09.187(3)(a), the court found they weighed slightly in favor of Pablo. Of the factors under this statute, only three are at issue: factor one, three, and five. The court made the following oral finding relating to factor one, "the relative strength, nature, and stability of the child's relationship with each parent," determining it was neutral:

> Both parties have developed strong bonds with [K.P.] while also enduring periods of long absences. Although Mr. Pablo may have to travel for work, he and [K.P.] have an incredibly strong, [sic] bond, perhaps due to their

> mutual interests. Since his birth, Mr. Pablo has taken an active role in parenting [K.P.], putting [K.P.]'s needs above his own.
>
> Likewise, Ms. Chow Hoy and [K.P.] have an incredibly strong bond. She is the parent who has historically had more time with [K.P.] and, like Mr. Pablo, always seems to be looking out for [K.P.]'s best interest.

Rep. of Proc. (RP) at 371-72. Although the court found that Pablo was periodically away from K.P. for work, it also determined that "'stability' is not synonymous with availability or consistency." RP at 368-69. Instead, the court concluded that "stability" is defined as "firmly established or not changing or fluctuating," and "refers to the type of relationship the child has with the parent, not the frequency of contact between the two." RP at 368-69.

The court then discussed the third factor, which it also found to be neutral.[1] The court explained that it was not able to find whether either parent provided a greater amount of parenting functions and that it seemed "they both provide[d] parenting functions at different levels during different periods of time." RP at 373. It found that between 2016 and 2018 Chow Hoy spent the majority of her evenings working toward her master's degree and was also unavailable during the six months she was deployed in Qatar in 2018. On the other hand, "Pablo's employment prevented him from being able

---

[1] RCW 26.09.187(3)(a)(iii): "Each parent's past and potential for future performance of parenting functions as defined in RCW 26.09.004(3), including whether a parent has taken greater responsibility for performing parenting functions relating to the daily needs of the child."

3

to parent all but two weeks" between January 2019 and September 2019. RP at 373. In addition, "[b]etween November 2019 and May 2020, Mr. Pablo had limited contact with [K.P]." RP at 373. "Lastly, since September 2021, Ms. Chow Hoy has been largely unavailable to parent due to her residing in Virginia." RP at 373. During this time, she only saw "[K.P.] in person on Thanksgiving, winter break, spring break, and during trial" despite the fact she had "30-plus days of annual leave" she could have used to travel and see him in Spokane. RP at 373.

The court also found that both parents had been actively involved in K.P.'s education in vastly different ways. "Chow Hoy was instrumental in supporting [K.P.] in Montessori school," whereas Pablo had taken on "nearly all of [K.P.]'s educational needs" and "was the parent who primarily transported him to and from daycare." RP at 373-74.

The court further noted that it did not have concerns relating to either parent's ability to provide parenting functions. Both are excellent parents who put K.P.'s needs before their own. It found that although Chow Hoy lived across the country, she attended conferences by phone or over tablet while Pablo attended school conferences in person. In addition, Pablo volunteered at field trips and spoke with teachers weekly. The court found "both parents are focused on [K.P.]'s education, extracurricular activities, healthcare, and his daily needs," making the third factor neutral. RP at 374.

4

Finally, the court discussed the fifth factor, finding that it weighed in favor of

Pablo:[2]

> Although the temporary order cannot and will not be used to decide this case or prejudice Ms. Chow Hoy, the court is called upon to consider [K.P.]'s present environment and potential environment in Virginia. Currently, the only surrounding familiar to [K.P.] is in Spokane. He attends kindergarten here, has made numerous friends here, attends Muay Thai here, and has both a doctor and dentist here. Importantly, both of [K.P.]'s grandparents live in the state and spend a substantial amount of time with him. . . . Regardless of whether Mr. Pablo is required to travel for work, they spend at least one week per month in Mr. Pablo's home. They even have their own furnished bedroom there. Mr. Pablo's parents traveled to Arizona for [K.P.]'s birth and stayed for two to four months. Following that period, Mr. Pablo's parents made monthly trips to visit the family until 2018, at which point, due to Ms. Chow Hoy's prompting, they reduced their visits to every couple of months. Since [K.P.]'s birth, Mr. Pablo's parents have been significant people in his life. In addition to [K.P.]'s Godparents [sic] living in Spokane, Mr. Pablo has family in the Tri-Cities, Moses Lake, Wenatchee, and Marysville.
>
> Although [K.P.] may have been enrolled in martial arts in Virginia, he has not attended school there, has not developed deep friendships there, and, most importantly, other than Mr. Weltha, whom [K.P.] has only been acquainted with sporadically since 2020, he does not have any family or other significant relationships in Virginia. Traditionally, due to COVID-19 and distance, [K.P.] only sees Ms. Chow Hoy's parents about twice per year. If [K.P.] is to primarily reside in Virginia, he would attend Stratford Landing Elementary, a reportedly six out of ten school. Other than the midpoint in ranking, the court does not know anything else about this school.

---

[2] RCW 26.09.187(3)(a)(v): "The child's relationship with siblings and with other significant adults, as well as the child's involvement with his or her physical surroundings, school, or other significant activities."

> Over the past nine months in Spokane, [K.P.] has thrived. He's doing phenomenal in school. According to his teacher, Ms. Martin, [K.P.] has only missed one day of school all year, is working above grade average, is typically the first student to arrive at class, loves to learn, and has a great relationship with his classmates. This factor strongly weighs in Mr. Pablo's favor.

RP at 375-77.

Based on these findings, and the factors set out in RCW 26.09.187(3)(a), the court found by the "slightest of margins" they weighed in favor of Pablo. RP at 378. The final parenting plan placed K.P. in Pablo's care. Chow Hoy filed a motion for reconsideration, which was denied and this appeal follows.

ANALYSIS

Chow Hoy contends that the trial court erred by ignoring RCW 26.09.191(5) and drawing presumptions from the provisions in the temporary parenting plan when entering the final permanent parenting plan. Specifically, some of the facts the court found persuasive existed only because Pablo was awarded primary placement in the temporary plan. In addition, she argues that the court erred in its application of RCW 26.09.187(3)(a) when it found two of the factors neutral and one in favor of Pablo.

"We review the provisions of a parenting plan for abuse of discretion." *In re Marriage of Abbess*, 23 Wn. App. 2d 479, 484, 516 P.3d 443 (2022). A court abuses its discretion if its decision is "unreasonable or based on 'untenable grounds or reasons.'" *Id.* at 484 (internal quotation marks omitted) (quoting *In re Marriage of Horner*, 151

6

Wn.2d 884, 893, 93 P.3d 124 (2004).  A court's decision will be considered

"unreasonable" if it is not within "'the range of acceptable choices, given the facts and

the applicable legal standard.'"  *Id*. at 484 (quoting *Horner*, 151 Wn.2d at 893).  A

court's decision "'is based on untenable grounds if the factual findings are unsupported

by the record; and it is based on untenable reasons if it is based on an incorrect standard

or the facts do not meet the requirements of the correct standard.'"  *Id.* (quoting *Horner*,

151 Wn.2d at 894).

RCW 26.09.191 provides restrictions for temporary or permanent parenting plans.

Of these provisions, RCW 26.09.191(5) states that "in entering a permanent parenting

plan, the court shall not draw any presumptions from the provisions of the temporary

parenting plan."  Instead, "'[t]he Parenting Act [of 1987, chs. 26.09, 26.10 RCW,]

anticipates that the court will craft a child's permanent residential schedule based on the

best interests of the child, as they can be determined at the time of trial."  *Id.* at 485.  In

doing so, the court will consider the following factors where the limitations of RCW

26.09.191[3] are not dispositive of the child's residential schedule:

> (i) The relative strength, nature, and stability of the child's relationship with each parent;

> (ii) The agreements of the parties, provided they were entered into knowingly and voluntarily;

---

[3] Neither party proposed RCW 26.09.191 restrictions.

(iii) Each parent's past and potential for future performance of parenting functions as defined in RCW 26.09.004(3), including whether a parent has taken greater responsibility for performing parenting functions relating to the daily needs of the child;

(iv) The emotional needs and developmental level of the child;

(v) The child's relationship with siblings and with other significant adults, as well as the child's involvement with his or her physical surroundings, school, or other significant activities;

(vi) The wishes of the parents and the wishes of a child who is sufficiently mature to express reasoned and independent preferences as to his or her residential schedule; and

(vii) Each parent's employment schedule, and shall make accommodations consistent with those schedules.

Factor (i) shall be given the greatest weight.

RCW 26.09.187(3)(a).

Of the seven statutory factors, Chow Hoy concedes that four factors weigh in favor of Pablo or are neutral. However, she disagrees that factor one and three are neutral and she disagrees that factor five weighs in favor of Pablo. Pablo argues that because Chow Hoy failed to assign error to the court's findings, she cannot now argue they are unsupported by evidence. However, an appellate court may in its discretion, review findings to which the appellant fails to properly assign error so long as the appellant has identified those findings and the nature of challenges to them can be found elsewhere in the brief. *See* RAP 10.3(g); *Bircumshaw v. State*, 194 Wn. App. 176, 380 P.3d 524 (2016). Although Chow Hoy does not assign error to specific findings, her brief

identifies the nature of her challenges—the court's application of factors one, three, and five. We exercise our discretion to address the three statutory factors despite the failure to specifically assign error to them.

### A. Factor One

Chow Hoy argues that although the trial court found factor one to be neutral, the relative strength, nature, and stability of the child's relationship with each parent weighs in her favor. However, she does not assign error to any of the court's findings of fact. Unchallenged findings constitute verities on appeal. *In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). In its oral ruling, the court found factor one to be neutral. It stated:

> Both parties have developed strong bonds with [K.P.] while also enduring periods of long absences. Although Mr. Pablo may have to travel for work, he and [K.P.] have an incredibly strong, [sic] bond, perhaps due to their mutual interests. Since his birth, Mr. Pablo has taken an active role in parenting [K.P.], putting [K.P.]'s needs above his own.
>
> Likewise, Ms. Chow Hoy and [K.P.] have an incredibly strong bond. She is the parent who has historically had more time with [K.P.] and, like Mr. Pablo, always seems to be looking out for [K.P.]'s best interest.

RP at 371-72. In addition, the court examined the meaning of the word "stability" as used in RCW 26.09.187(3)(i). "Stability as defined in the Merriam-Webster dictionary is to be firmly established or not changing or fluctuating." RP at 368. The court disagreed with Chow Hoy that Pablo's absence from K.P. while away at work creates a lack of

9

stability in their relationship. Specifically, it found "stability is not synonymous with availability or consistency. Rather, it refers to the type of relationship the child has with the parent, not the frequency of contact between the two." RP at 368-69.

Chow Hoy argues that based on the evidence provided at trial, no reasonable person could say that this factor does not favor her or that it is a tie. Specifically, she argues that she spent more time with K.P., took care of his education at the Montessori school, took care of the majority of his medical needs, and overall, is always available to parent him. However, because Chow Hoy does not challenge any of the court's findings, she is essentially asking this court to reweigh the evidence. "[A]n appellate court does not reweigh evidence on review." *Richardson v. Dep't of Lab. & Indus*., 6 Wn. App. 2d 896, 908, 432 P.3d 841 (2018).

Based on these unchallenged facts, the court did not abuse its discretion. The court found that based on the evidence, each parent shared a strong bond with K.P. and that it could therefore not conclude that either parent has a stronger or more stable bond with him. Further, it addressed the issue of stability and how it is not synonymous with availability or consistency, which Chow Hoy does not challenge. In addition, it did note on the record that this was the factor to be given the most weight, which is required by statute. *See* RP at 375 ("the first factor, the one that's to be weighed most heavily"); RCW 26.09.187(3)(a) ("Factor (i) shall be given the greatest weight."). In light of the

undisputed facts, the trial court's determination that factor one was neutral toward each parent was not an abuse of discretion.

### B. Factor Three

Next, Chow Hoy argues the trial court erred by finding factor three, relating to each parent's past and potential for future performance of parenting functions, to be neutral. Chow Hoy argues the testimony was overwhelming that she provided the majority of the past parenting functions, including the medical needs, educational needs, financial needs, and daily needs of K.P. Other than reciting the evidence, Chow Hoy does not provide any case law or analysis on how the court abused its discretion in weighing this factor as neutral.

The court found that based on the evidence, it was "not able to find whether either parent had provided a greater amount of parenting functions," and that "[i]t seems they both provided parenting functions at different levels during different periods of time." RP at 373. For example, it found that between 2016 and 2018 Chow Hoy spent most of her evenings working towards her master's degree and was also unavailable during the six months she was deployed in Qatar in 2018. However, Pablo's employment prevented him from being available to parent all but two weeks between January 2019 and September 2019. In addition, "[b]etween November 2019 and May 2020, Mr. Pablo had limited contact with [K.P]." RP at 373. "Lastly, since September 2021, Ms. Chow Hoy has been largely unavailable to parent due to her residing in Virginia and only seeing

11

[K.P.] in person on Thanksgiving, winter break, spring break, and during trial," despite the fact she had "30-plus days of annual leave" that she could use to travel to Spokane to see him. RP at 373.

The court also considered K.P.'s education, noting that both parents have been actively involved in vastly different ways. For example, Chow Hoy was instrumental in supporting K.P. in Montessori school whereas recently Pablo has taken on nearly all of his educational needs. Pablo was the parent who primarily transported him to and from daycare dating back as early as the month of his birth.

As far as each person's ability to provide parenting functions, the court did not have any concerns for either parent. Both are excellent parents who put K.P.'s needs above their own. Although Chow Hoy lives across the country, she attends conferences by phone and with him over his tablet. In addition, Pablo attends school conferences in person and volunteered at the school for field trips and he speaks with teachers on a weekly basis. Both parents are focused on K.P.'s "education, extracurricular activities, healthcare, and his daily needs," keeping this factor neutral. RP at 374.

Based on these unchallenged facts, the court's determination of factor three as neutral was not an abuse of discretion.

12

C. *Factor Five*

Chow Hoy provides two arguments for the fifth factor: first, she argues that the trial court improperly drew presumptions from the temporary parenting plan and second, she disagrees with the court's determination that the factor weighed in favor of Pablo.

In its oral ruling, the court stated: "*[a]lthough the temporary order cannot and will not be used to decide this case* or prejudice Ms. Chow Hoy, the court is called upon to consider [K.P.]'s present environment and potential environment in Virginia." RP at 375 (emphasis added). The court made clear it did not find this factor for Pablo simply because of the temporary plan and instead pointed to several relevant facts. The court noted that K.P. goes to kindergarten, has made numerous friends, attends Muay Thai, and has both a doctor and dentist in Spokane. The court also explained his family ties in Spokane. It explained that both of K.P.'s grandparents live in the state and spend a substantial amount of time with him, spending at least one week per month with them, and have been significant people in his life since birth. In addition, K.P.'s godparents live in Spokane and he has family in the Tri-Cities, Moses Lake, Wenatchee, and Marysville.

Chow Hoy cites to *In re Marriage of Combs*, 105 Wn. App. 168, 19 P.3d 469 (2001) to support her argument that the trial court improperly drew presumptions from the temporary plan, however, *Combs* is distinguishable. In *Combs*, not only did the Father assign error to particular findings, but he also challenged the trial court's use of

13

the mother's performance under the temporary parenting plan as a tie breaker after finding the other statutory factors neutral. Specifically, the trial court had indicated that while the father had positive traits, "the mother has been the primary parent . . . and the children appear to be doing well." *Id.* at 172. The *Combs* court noted that these findings were vague and did not relate to any of the statutory factors. *Id.* at 176. The *Combs* court concluded that "[t]o the extent the trial court's finding applies a presumption in favor of [the mother] on the basis of her status as the temporary residential parent, it clearly was not based on tenable reasons and was an abuse of discretion." *Id.*

Unlike in *Combs*, the trial court in this case made specific findings that related to relevant statutory factors. The court found several relevant factors to support its conclusion that staying in Spokane would be in the best interest of K.P. For example, the court noted K.P.'s environment in Spokane:

> He attends kindergarten here, has made numerous friends here, attends Muay Thai here, and has both a doctor and dentist here. Importantly, both of [K.P.]'s grandparents live in the state and spend a substantial amount of time with him.

RP at 376. The court then compared that environment to his environment in Chow Hoy's state, Virginia:

> Although [K.P.] may have been enrolled in martial arts in Virginia, he has not attended school there, has not developed deep friendships there, and, most importantly, other than Mr. Weltha, whom [K.P.] has only been

14

> acquainted with sporadically since 2020, he does not have any family or
> other significant relationships in Virginia.

RP at 376.

Under RCW 26.09.187(3)(a)(v), the court was required to consider K.P.'s

relationship with family, as well as K.P.'s involvement in school, activities, and

surroundings. Although K.P.'s current environment and family support was a product of

the residential schedule ordered in the temporary plan, the trial court did not simply

presume that Pablo should continue as the primary parent because he had been

performing well so far. We conclude that the court did not ignore RCW 26.09.191(5) and

abuse its discretion by impermissibly drawing presumptions from the temporary

parenting plan.

Next, Chow Hoy argues that nothing codified in statute or case law states that

factor five is to be weighed most heavily following factor one. Chow Hoy misinterprets

the court's oral ruling. The court stated "[g]iven the first factor, the one that's to be

weighed most heavily, was found to be neutral, of the other remaining six factors this one

*may prove to be the most meaningful.*" RP at 375 (emphasis added). The court simply

stated that of all the factors presented this may be the most *meaningful* in this case but the

court did not state it was *weighed most heavily*.

Finally, Chow Hoy argues that the court erred in its application of the facts to find

this factor weighed in favor of Pablo. Again, without assigning error to any of the factual

findings, the court did not abuse its discretion in weighing this factor in favor of Pablo. While the court did find this factor meaningful, it did not improperly weigh it when compared to others. Most factors were neutral. The facts that the trial court found persuasive related to the best interest of K.P. which is the overarching goal of the factors outlined in RCW 26.09.187(3)(a). *See In re Parentage of C.M.F.*, 179 Wn.2d 411, 314 P.3d 1109 (2013) (noting that "[a] parenting plan's overriding purpose is to do what is in the best interest of the child"); RCW 26.09.002 ("[T]he best interests of the child shall be the standard by which the court determines and allocates the parties' parental responsibilities."). The court ultimately found that K.P. is thriving in his environment in Spokane and has limited ties to Virginia. We conclude that the court did not abuse its discretion when it found this factor weighed in favor of Pablo.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____   _____
Fearing, J.                            Pennell, J.

16